UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

RICHARD SHUGARS, *individually and on behalf of all others similarly situated*; and JAMES LEE, *individually and on behalf of all others similarly situated*,

                              **Plaintiffs,**

  vs.                                                  3:22-cv-1237
                                                           (MAD/ML)

MASONITE CORPORATION and MASONITE INTERNATIONAL CORPORATION,

                              **Defendants.**
_____

APPEARANCES:                                                OF COUNSEL:

**FITAPELLI & SCHAFFER, LLP**              **ARMANDO A. ORTIZ, ESQ.**
28 Liberty Street                                        **BRIAN S. SCHAFFER, ESQ.**
New York, New York 10005
Attorneys for Plaintiffs

**OGLETREE DEAKINS**                           **KELLY M. CARDIN, ESQ.**
599 Lexington Avenue
Ste 17th Floor
New York, New York 10022
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

      On November 21, 2022, Plaintiff commenced this putative class action, claiming violations of New York Labor Law ("NYLL") § 191, whereby they allege that they were manual workers and should have been paid on a weekly, rather than bi-weekly, basis. *See* Dkt. No. 1. Currently before the Court is Defendants' motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. *See* Dkt. No. 18.

## II. BACKGROUND

**A.    The Parties**

Defendant Masonite Corporation is a foreign business corporation organized and existing under the laws of Delaware, with its principal office and corporate headquarters located in Tampa, Florida. *See* Dkt. No. 1 at ¶¶ 17-18. Masonite Corporation is a covered employer within the meaning of the NYLL, and at all times relevant, employed Plaintiffs and similarly situated employees. *See id.* at ¶ 19. Based upon corporate disclosure statements, Masonite Corporation is admitted to be a wholly owned subsidiary of Defendant Masonite International Corporation, a publicly traded company. *See id.* at ¶ 22.

Defendant Masonite International Corporation is a foreign business corporation organized and existing under the laws of British Columbia, Canada. *See id.* at ¶ 23. Masonite International Corporation was and is a covered employer within the meaning of the NYLL, and at all times relevant, employed Plaintiffs and similarly situated employees. *See id.* at ¶ 26.[1]

Plaintiff Richard Shugars is a resident of the State of New York, who was employed by Masonite as a forklift operator – a Warehouse Worker – at their Kirkwood, New York manufacturing plant from approximately August 2016 to August 2, 2021. *See* Dkt. No. 1 at ¶¶ 11-12. Plaintiff James Lee is a resident of the State of New York, who was employed by Masonite as a forklift operator – a Warehouse Worker – at their Kirkwood, New York manufacturing plant from approximately May 2017 to July 8, 2021. *See id.* at ¶¶ 14-15. Plaintiffs claim that they are both covered employees within the meaning of the NYLL. *See id.* at ¶¶ 13, 16.

---

[1] Unless otherwise noted, the Court will refer to Masonite Corporation and Masonite International Corporation collectively as "Defendants" or "Masonite."

B.      **Plaintiff Richard Shugars**

Plaintiff Shugars was employed as a forklift operator at Defendants' manufacturing plant located in Kirkwood, New York, from approximately August 2016 to August 2, 2021. *See* Dkt. No. 1 at ¶ 44. During his employment, Plaintiff Shugars was a non-exempt worker paid on an hourly basis. *See id.* at ¶ 45. Furthermore, during his employment, over twenty-five percent of Plaintiff Shugars' duties were physical tasks, including but not limited to the following: (1) cleaning and sweeping work areas, including disposing of broken pallets, (2) operating a forklift in the warehouse, (3) using a forklift to move pallets of doors throughout the warehouse, (4) physically loading pallets on to the forklift and doors on to the pallets, and (5) banding pallets together and using wrapper machines to ready pallets for shipment. *See id.* at ¶ 46. Despite regularly spending more than twenty-five percent of his shift performing these physical tasks, Plaintiff Shugars was compensated by Defendant on a bi-weekly basis, in violation of NYLL § 191. *See id.* at ¶¶ 47-49.

In or around late July 2021, Plaintiff Shugars reported to work normally and not under the influence of any substances. *See id.* at ¶ 51. Unknown to Plaintiff Shugars at the time, a coworker misplaced the charging power cord for the forklift on to the mast of the machine. *See id.* at ¶ 52. Shugars did not notice this and began to back the forklift away from the power charging station to start his workday. *See id.* In doing so, Shugars accidently damaged the charging unit. *See id.*

Upon this incident, Shugars was ordered to take a drug test, which he complied with "knowing he was not under the influence of any substances at this time." *Id.* at ¶ 53. When submitting to the drug test, Plaintiff Shugars informed the representative that he did use legal CBD/THC gummies on occasion when at home and away from work. *See id.* at ¶ 54. Defendants

3

did not suspend Shugars, nor require him to go home that day. *See id.* at ¶ 55. Approximately one week after the drug test, the results returned positive for use of THC. *See id.* at ¶ 56. Plaintiff Shugars claims that he was terminated from his employment in violation of the Marijuana Regulation and Taxation Act, which amended NYLL § 201-d to prohibit any discrimination based upon an individual's use of cannabis outside of work hours, off the employer's premises, and without use of the employer's equipment or other property. *See id.* at ¶¶ 57-58.

C.  **Plaintiff James Lee**

Plaintiff James Lee was employed as a forklift operator at Defendants' manufacturing plant located in Kirkwood, New York, from approximately May 2017 to July 8, 2021. *See* Dkt. No. 1 at ¶ 61. During his employment, Plaintiff Lee was a non-exempt worker paid on an hours basis, and he performed duties substantially similar to those performed by Plaintiff Shugars. *See id.* at ¶¶ 62-63. Further, Plaintiff Lee claims that, despite regularly performing more than twenty-five percent of his shift performing physical tasks, he was also compensated on a bi-weekly basis in violation of NYLL § 191. *See id.* at ¶ 64.

Additionally, Plaintiff Lee claims that he was made to submit to a urine drug test in late June 2021 after his forklift caught a piece of door trim and broke it. *See id.* at ¶ 66. Plaintiff Lee claims that he was not under the influence of any substances while at work on the day in question and that he informed Defendants' representative that they would find THC in his system because he uses it during off hours. *See id.* at ¶¶ 67-68. When the results of the drug test came back positive for THC, Plaintiff Lee was terminated from his employment in violation to NYLL § 201-d. *See id.* at ¶¶ 70-71.

D.  **Plaintiffs' Claims and Defendants' Motion**

In their first cause of action, Plaintiffs claim that Defendants failed to pay them, and all other similarly situated, on a timely basis in violation of NYLL § 191. *See* Dkt. No. 1 at ¶¶ 74-77. In their second cause of action, Plaintiffs contend that they were unlawfully discharged due to cannabis use in violation of NYLL § 201-d. *See id.* at ¶¶ 78-85.

In their motion to dismiss, Defendants first contend that Plaintiffs lack Article III standing because they have no injury that could be remedied in this suit. *See* Dkt. No. 18-1 at 6. Defendants also claim argue that Plaintiffs' NYLL § 191 claim should be dismissed on the merits because there is no express or implied private right of action for violations of that section. *See id.* at 7.

### III. DISCUSSION

**A.    Standard of Review**

"A court faced with a motion to dismiss pursuant to both Rules 12(b)(1) and 12(b)(6) must decide the jurisdictional question first because a disposition of a Rule 12(b)(6) motion is a decision on the merits and, therefore, an exercise of jurisdiction." *Dutrow v. New York State Gaming Commission*, No. 13-CV-996, 2014 WL 11370355, *3 (E.D.N.Y. July 29, 2014), *aff'd*, 607 Fed. Appx. 56 (2d Cir. 2015); *see also Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430-31 (2007) (citation omitted) ("[A] federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit ([*i.e.,*] subject-matter jurisdiction)"). "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).

When subject matter jurisdiction is challenged, a plaintiff "bear[s] the burden of 'showing by a preponderance of the evidence that subject matter jurisdiction exists.'" *APWU v. Potter*, 343

F.3d 619, 623 (2d Cir. 2003) (quoting *Lunney v. United States*, 319 F.3d 550, 554 (2d Cir. 2003)). In reviewing a motion to dismiss under Rule 12(b)(1), the court "must accept as true all material factual allegations in the complaint, but [is] not to draw inferences from the complaint favorable to plaintiffs." *J.S. ex rel. N.S. v. Attica Cent. Sch.*, 386 F.3d 107, 110 (2d Cir. 2004) (citation omitted). The court "may consider affidavits and other materials beyond the pleadings to resolve the jurisdictional issue, but [ ] may not rely on conclusory or hearsay statements contained in the affidavits." *Id.* (citations omitted).

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) tests the legal sufficiency of the party's claim for relief. *See Patane v. Clark*, 508 F.3d 106, 111-12 (2d Cir. 2007) (citation omitted). In considering the legal sufficiency, a court must accept as true all well-pleaded facts in the pleading and draw all reasonable inferences in the pleader's favor. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (citation omitted). This presumption of truth, however, does not extend to legal conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (citation omitted). Although a court's review of a motion to dismiss is generally limited to the facts presented in the pleading, the court may consider documents that are "integral" to that pleading, even if they are neither physically attached to, nor incorporated by reference into, the pleading. *Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002)).

To survive a motion to dismiss, a party need only plead "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), with sufficient factual "heft to 'sho[w] that the pleader is entitled to relief.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (citation omitted). Under this standard, the pleading's "[f]actual allegations must be enough to raise a right of relief above the speculative level," *see id.* at 555 (citation omitted), and present claims that are "plausible on

[their] face," *id.* at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of the 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Ultimately, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," *Twombly*, 550 U.S. at 558, or where a plaintiff has "not nudged [its] claims across the line from conceivable to plausible, the [] complaint must be dismissed[,]" *id.* at 570.

**B.    Standing**

Defendants contend that Plaintiffs "do not have Article III standing to bring a pay frequency claim because Count One of Plaintiffs' Complaint only alleges a statutory violation, which [is] insufficient to establish actual injury." Dkt. No. 18-1 at 12. The Court disagrees.

"Article III, Section 2 of the Constitution limits the subject-matter jurisdiction of the federal courts to 'Cases' and 'Controversies.'" *SM Kids, LLC v. Google LLC*, 963 F.3d 206, 211 (2d Cir. 2020) (citing *Dhinsa v. Krueger*, 917 F.3d 70, 77 (2d Cir. 2019)). "The doctrine of standing gives meaning to these constitutional limits by 'identify[ing] those disputes which are appropriately resolved through the judicial process.'" *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 157 (2014) (quotation omitted).

The Supreme Court has "established that the 'irreducible constitutional minimum' of standing consists of three elements." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)). "The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id.* (citing *Lujan*, 504 U.S. at 560-61).

7

The instant motion concerns only the injury-in-fact component of standing. To establish an injury in fact, a plaintiff "must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo, Inc.*, 578 U.S. at 339 (quoting *Lujan*, 504 U.S. at 560). "To be 'concrete,' an injury 'must actually exist,' ... that is, it must be 'real, and not abstract.'" *Strubel v. Comenity Bank*, 842 F.3d 181, 188 (2d Cir. 2016) (quotation omitted).

In the present matter, Plaintiffs allege that Defendants violated NYLL § 191 by paying them and the putative class members on a bi-weekly basis. *See* Dkt. No. 1 at ¶¶ 74-77. Pursuant to NYLL § 191, employers are required to pay manual workers on a weekly basis, and not later than seven calendar days after the end of the week in which the wages were earned, unless the New York Department of Labor authorizes the employer to pay less frequently. *See* N.Y. Lab. L. § 191(1)(a)(i).

Courts in this Circuit "have held that workers paid on an untimely basis necessarily incur a concrete harm due to the time value of money and thus have standing to claim damages" under NYLL § 191, together with the remedial provisions of NYLL § 198. *Ramirez v. Urion Constr. LLC*, ___F. Supp. 3d ___, 2023 WL 3570639, *6 (S.D.N.Y. May 19, 2023) (collecting cases). As the Court in *Levy v. Endeavor Air Inc.* explained, "the loss of the time value of the money owed to plaintiff is not a harm that might occur, but one that has occurred; it is not a harm that might materialize, but one that has materialized." *Levy v. Endeavor Air Inc.* ___F. Supp. 3d ___, 2022 WL 16645829, *4 (E.D.N.Y. Nov. 1, 2022).

Defendants contend that "[c]ourts in this circuit have specifically ruled that failure to pay weekly wages to a manual worker was insufficient to establish actual harm for purposes of standing." Dkt. No. 18-1 at 12 (citing *Rosario v. Icon Burger Acquisition LLC*, No. 21-cv-4313,

8

2022 WL 198503 (E.D.N.Y. Jan. 21, 2022)). In *Rosario*, the court accepted the argument that the temporary deprivation of money, without allegations of additional harm, is insufficient to establish standing under Article III. *See Rosario*, 2022 WL 198503, at *3 ("[A]bsent actual allegations that the plaintiff forewent the opportunity to invest or otherwise use the money to which he was legally entitled, he cannot plausibly claim he suffered a harm sufficiently concrete to establish Article III standing"). As courts have recognized, the decision in *Rosario* is an outlier "'in requiring more particularized allegations and [is] inconsistent with the familiar pleading standard.'" *Flores v. Cargill Inc.*, No. 1:23-cv-38, 2023 WL 4199252, *3 n.2 (N.D.N.Y. June 27, 2023) (quoting *Nunez v. Exec. Le Soleil New York LLC*, No. 22-cv-4262, 2023 WL 3319613, *4 (S.D.N.Y. May 9, 2023)) (other citation omitted); *see also Rankine v. Levi Strauss & Co.*, ___ F. Supp. ___, 2023 WL 3582323, *4 (S.D.N.Y. May 22, 2023) (rejecting the reasoning in *Rosario* in finding that the plaintiff had adequately alleged standing) (citation omitted); *Confusione v. Autozoners, LLC*, No. 21-cv-1, 2022 WL 17585879, *1 (E.D.N.Y. Dec. 12, 2022) (same); *Freeland v. Findlay's Tall Timbers Dist. Ctr., LLC*, ___ F. Supp. 3d ___, 2023 WL 4457911, *6-7 (W.D.N.Y. July 11, 2023) (same); *Pozo v. BlueMercury, Inc.*, No. 22-cv-7382, 2023 WL 4980217, *2 n.2 (S.D.N.Y. Aug. 3, 2023) (same).[2] The Court finds these decisions persuasive and Defendants' reliance on *Rosario* misplaced.

While Plaintiffs do not specifically allege that the temporary deprivation of money resulted in a loss of the time value of money, for purposes of this motion to dismiss, Plaintiffs' allegations are sufficient to establish an injury in fact. Plaintiffs need not, as Defendants suggest,

---

[2] The *Rosario* court subsequently found the plaintiffs' amended complaint – which made substantially similar allegations as Plaintiffs make here – sufficient to allege standing. *See Rosario v. Icon Burger Acquisition LLC*, No. 21-cv-4313, 2022 WL 17553319, *2 (E.D.N.Y. Dec. 9, 2022).

9

"spell out how the time value of money, as an economic theory, applies to their case." *Levy*, 2022 WL 16645829, at *4. "It does apply; the delay in payment alleged, due to defendant's unlawful rate-of-payment practices, necessarily means that plaintiffs were forced to wait to receive money that, as compared with when they should have received it, was, when they did receive it, worth less." *Id.* (citing *Porsch v. LLR, Inc.*, 380 F. Supp. 3d 418, 424 (S.D.N.Y. 2019)).

Nor do Plaintiffs need to detail how he would have spent his wages had they been received on a weekly basis. *See Levy*, 2022 WL 16645829, at *4; *Petrosino v. Fastenal Co.*, No. 1:22-cv-705, 2023 WL 3496362, *4 (N.D.N.Y. May 17, 2023); *Gillett v. Zara USA, Inc.*, No. 20-cv-3734, 2022 WL 3285275, *7 (S.D.N.Y. Aug. 10, 2022). Indeed, "[a]t the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we 'presum[e] that general allegations embrace those specific facts that are necessary to support the claim.'" *Lujan*, 504 U.S. at 561 (quotation omitted); *see also Espinal v. Sephora USA, Inc.*, No. 22-cv-3034, 2022 WL 16973328, *4 (S.D.N.Y. Nov. 16, 2022). Thus, while Plaintiffs' allegations can fairly be described as thin, dismissal under Rule 12(b)(1) at this early stage of the litigation is unwarranted. *See Elhassa v. Hallmark Aviation Servs., L.P.*, No. 21-cv-9768, 2022 WL 563264, *2 (S.D.N.Y. Feb. 24, 2022).[3]

Accordingly, the Court finds that Plaintiffs have adequately pled Article III standing and denies this aspect of Defendants' motion to dismiss.

**C.    Untimely Payments Under NYLL § 191**

---

[3] To the extent that Defendants contend that Plaintiffs are not entitled to liquidated damages under NYLL § 198(1-a), the Court finds that these arguments are not properly considered on a motion to dismiss. *See Rodrigue v. Lowe's Home Ctrs., LLC*, No. 20-cv-1127, 2021 WL 3848268, *6 (E.D.N.Y. Aug. 27, 2021); *see also Petrosino*, 2023 WL 3496362, at *5.

Defendants argue that count one of the complaint must be dismissed because "there is no express or implied private right of action for an untimely payment under § 191." Dkt. No. 18-1 at 15. Defendants contend that the First Department incorrectly determined that such a private cause of action exists and asks this Court to reject that conclusion. *See id.* at 15-18.

As noted, NYLL § 191 provides that employers are required to pay manual workers on a weekly basis, and not later than seven calendar days after the end of the week in which the wages were earned, unless the New York Department of Labor authorizes the employer to pay less frequently. *See* N.Y. Lab. L. § 191(1)(1)(i). Under NYLL § 198(1-a), when an employee prevails after instituting a wage claim, "the court shall allow such employee to recover the full amount of any underpayment, all reasonable attorney's fees, prejudgment interest ... and, unless the employer proves a good faith basis to believe that its underpayment of wages was in compliance with the law, an additional amount as liquidated damages equal to one hundred percent of the total amount of the wages found to be due." Whether NYLL § 191 includes an express or implied private right of action is a question of state law.

"When deciding a question of state law" like this one, federal courts "look to the state's decisional law, as well as to its constitution and statutes." *Chufen Chen v. Dunkin' Brands, Inc.*, 954 F.3d 492, 497 (2d Cir. 2020). Absent a clear directive from a state's highest court, a federal court must "predict how the state's highest court would resolve the uncertainty or ambiguity." *Id.* at 499. In doing so, the federal court "is bound to apply the law as interpreted by a state's intermediate appellate courts unless there is persuasive evidence that the state's highest court would reach a different conclusion." *V.S. v. Muhammad*, 595 F.3d 426, 432 (2d Cir. 2010).

As of the date of this Memorandum-Decision and Order, there is no New York Court of Appeals decision regarding a private right of action under NYLL § 191. The only Appellate

11

Division decision on the issue is *Vega v. CM & Assocs. Constr. Mgmt., LLC*, 175 A.D.3d 1144 (1st Dep't 2019). In *Vega*, the First Department held that "Labor Law § 198(1-a) expressly provides a private right of action for a violation of Labor Law § 191" and that to conclude otherwise requires the "erroneous assertion that the late payment of wages is not an underpayment of wages." *Id.* at 1446. The First Department also held in the alternative that NYLL § 191 provides an implied right of action for hourly manual workers, as the plaintiff was "one of the class for whose particular benefit the statute was enacted, the recognition of a private right of action would promote the legislative purpose of the statute and the creation of such a right would be consistent with the legislative scheme." *Id.* (citations omitted).

  This Court is bound to apply the law as interpreted by the First Department unless there is "persuasive evidence" that the New York Court of Appeals "would reach a different conclusion." *Muhammad*, 595 F.3d at 432. The Court does not find such persuasive evidence. First, there is no authority to suggest that the New York Court of Appeals would decide the issue contrary to *Vega*. There are no post-*Vega* Appellate Division decisions that disagree with or reject *Vega*, and every federal court in the Second Circuit to address the issue has applied *Vega*'s holding finding an express private right of action under Sections 191 and 198(1-a). *See Davis v. Banana Republic LLC*, No. 21-cv-6160, 2023 WL 5969597, *6 (E.D.N.Y. Sept. 14, 2023) (collecting cases); *Krawitz v. Five Below, Inc.*, No. 22-cv-2253, 2023 WL 6385711, *2-3 (E.D.N.Y. Sept. 29, 2023) (citations omitted); *Ramirez v. Tifaret Discount, Inc.*, No. 22-cv-10489, 2023 WL 6318616, *7 (S.D.N.Y. Sept. 28, 2023) (citations omitted); *Georgiou*, 2023 WL 112805, at *6 (concluding that the court would "follow *Vega* to hold that plaintiff has a[n] [express] private right of action under §§ 191 and 198(1-a), at least pending further instruction from the New York State courts"); *see also Rankine v. Levi Strauss & Co.*, No. 1:22-CV-03362, 2023 WL 3582323, *5 (S.D.N.Y. May

22, 2023); *Levy*, 2022 WL 16645829, at *5; *Harris*, 2023 WL 2139688, at *9; *Rath v. Jo-Ann Stores, LLC*, No. 21-cv-791S, 2022 WL 17324842, *9 (W.D.N.Y. Nov. 29, 2022); *Caul v. Petco Animal Supplies, Inc.*, No. 20-cv-3534, 2021 WL 4407856, *3 (E.D.N.Y. Sept. 27, 2021); *Petrosino*, 2023 WL 3496362, at *5-6; *Freeland v. Findlay's Tall Timbers Distr. Ctr., LLC*, No. 22-CV-6415, 2023 WL 4457911, *8-12 (W.D.N.Y. July 11, 2023); *Rodrigue v. Lowe's Home Centers, LLC*, No. 20-CV-1127, 2021 WL 3848268, *5 (E.D.N.Y. Aug. 27, 2021); *Duverny v. Hercules Med. P.C.*, No. 18-cv-7652, 2020 WL 1033048, *5-6 (S.D.N.Y. Mar. 3, 2020); *Sorto v. Diversified Maintenance Sys., LLC*, No. 20-CV-1302, 2020 WL 7693108, *3 (E.D.N.Y. Dec. 28, 2020).

Defendants argue, as many have argued recently, that a 2022 New York Court of Appeals decision provides reason to doubt the holding in *Vega*. *See* Dkt. No. 18-1 at 18 (citing *Konkur v. Utica Acad. of Sci. Charter Sch.*, 38 N.Y.3d 38 (2022)). In *Konkur*, the Court of Appeals addressed an employee's claim that her employer had violated NYLL § 198-b, which makes it unlawful for any person to "request, demand, or receive ... part or all of" the employee's wages "upon the statement, representation, or understanding that failure to comply ... will prevent such employee from procuring or retaining employment." N.Y. Lab. L. § 198-b(2). A violation of § 198-b is a misdemeanor. *Id.* § 198-b(5).

As the Court of Appeals explained, "NYLL § 218 also provides for administrative enforcement of section 198-b by the Commissioner of the Department of Labor. The statute empowers the Commissioner to grant affected employees restitution and liquidated damages in addition to imposing civil penalties." *Konkur*, 38 N.Y.3d at 40. Because NYLL § 198-b contains "no express private right of action," the court considered whether "'such a right of action is fairly implied in the statutory provisions and their legislative history.'" *Id.* at 40-41 (quoting *Cruz v. TD*

*Bank, N.A.*, 22 N.Y.3d 61, 70 (2013)). The Court of Appeals, applying the same three-factor test that the First Department applied in *Vega*, concluded that the plaintiff satisfied the first two factors, as she was a member of the class of persons the statute was designed to protect and a private right of action would "arguably advance" the legislature's goal of protecting employees from wage kickbacks. *Id.* at 41. But, as for the third factor, the court concluded that, "in the face of significant enforcement mechanisms provided for in the statute," a private right of action was not consistent with the legislative scheme. *Id.* at 42.

While the plaintiff argued that the court should infer a private right of action from NYLL § 198, which allows for attorney's fees when an employee prevails in a wage claim, the Court of Appeals distinguished NYLL §§ 198-b and 198(1-a). *Id.* at 43-44. In doing so, the court noted that, as it had "made clear, the attorney's fees remedy provided for in section 198(1-a) must relate to 'wage claims based upon violations of one or more of the substantive provisions of Labor Law article 6.'" *Id.* (citation omitted). Those provisions include NYLL § 191, which "generally regulates payment of wages by employers and creates reciprocal rights of employees." *Id.* at 44 (citation omitted).

The court in *Konkur* also noted that the legislature had recently amended NYLL § 198 to provide a private right of action for certain notice requirements in NYLL §§ 194 and 195. *Id.* at 43-44. While acknowledging that the nonexistence of an express right of action is not by itself determinative, the court reiterated that the fact that "the legislature chose not to provide a similar remedy for [§ 198-b] is further evidence that it believed that the [statute's] existing remedies would be adequate." *Id.* at 44 (citing *Ortiz v. Ciox Health LLC*, 37 N.Y.3d 353, 364 (2021)).

The Court is not persuaded that *Vega* is "irreconcilable" with *Konkur*. To start, *Konkur* did not address whether the late payment of wages is an underpayment of wages and therefore a

14

claim under § 191(1)(a) is a "wage claim" for which a private right of action exists under NYLL § 198(1-a).  Accordingly, *Konkur* does nothing to undermine the *Vega* court's conclusion that an express private right of action exists for violations of NYLL § 191(1)(a).  *See Harris v. Old Navy, LLC*, No. 21-cv-9946, 2022 WL 16941712, *10 (S.D.N.Y. Nov. 15, 2022) (expressing doubts about *Vega*'s reasoning but ultimately applying its result).  The closest *Konkur* came to addressing the issue was in its rejection of one federal court's conclusion that a claim under NYLL § 198-b is a wage claim.  *Konkur*, 38 N.Y.3d at 44.  But, in doing so, the *Konkur* court specifically cited NYLL § 191 as one of the "substantive provisions of Labor Law Article 6" to which § 198(1-a)'s attorney's fees remedy must relate.  *Id.*  For the same reason, the addition to NYLL § 198 of a private right of action for violations of certain notice requirements set out in other sections of the NYLL, such as § 195, does not undermine the First Department's conclusion that NYLL § 198(1-a) provides an express private right of action for violations of NYLL § 191(1)(a).  After all, if an express private right of action already exists, the legislature would see no need to amend the statute to provide one.

The Court therefore joins several other courts in this Circuit in concluding that the Court of Appeals decision in *Konkur* does not amount to persuasive evidence that the Court of Appeals would reach a different conclusion than the First Department in *Vega*.  *See Rankine v. Levi Strauss & Co.*, ___ F. Supp. 3d ___, 2023 WL 3582323, *5 (S.D.N.Y. May 22, 2023) (citing cases holding that *Konkur* did not undermine the First Department's decision in *Vega*).

Accordingly, the Court joins the chorus of opinions throughout the Second Circuit finding that Plaintiffs have a private right of action (either express or implied) for late payment of wages under the NYLL and, therefore, denies Defendants' motion to dismiss.

## IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the reasons set forth above, the Court hereby

**ORDERS** that Defendants' motion to dismiss (Dkt. No. 18) is **DENIED**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: November 3, 2023
Albany, New York

Mae A. D'Agostino
U.S. District Judge